UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00101-JHM

MELVIN RASHAD SMITH                                                                    PLAINTIFF

V.

CITY OF MORGANFIELD, KENTUCKY, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, City of Morganfield, Morganfield Police Department, Benjamin Perry, Craig Bolds, and Kyle Dame, for summary judgment [DN 54]. Fully briefed, this matter is ripe for decision.

### I.  STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U .S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non

moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

On May 9, 2012, Defendant Benjamin Perry, an officer with the Morganfield Police Department, arranged for two confidential informants to attempt to purchase drugs from a dealer in Dunbar Park, Morganfield, Kentucky. Prior to the buy, Officer Perry and Defendant Officer Craig Bolds met with the confidential informants. Officer Perry equipped the confidential informants with a video camera and an audio recorder. The confidential informants were given five $20.00 bills which had been photocopied. After their meeting with law enforcement, the confidential informants proceeded to Dunbar Park. The confidential informants made contact with an individual whom they told they wanted to purchase cocaine. The individual told them to drive around the block and come back to complete the drug transaction. When the confidential informants returned from circling the block, a subject approached the passenger's side of the confidential informant's vehicle wearing a hooded sweatshirt backwards with the hood covering his face. After the confidential informants exchanged the cash for the cocaine, the confidential informants drove away and advised Officer Perry by phone or radio that the subject who sold them the cocaine was wearing a white shirt and a dark blue jacket or hoody. Officer Perry radioed the description of the subject to Officer Geoffrey Deibler, a patrol officer who was in the area. Officer Deibler proceeded to the park and using the description of the clothing provided by

the confidential informants identified Melvin Smith as the subject matching the description provided by Officer Perry. Smith was not arrested at that time.

Officer Perry averred that at some point[1] he watched the video of the drug buy and could not tell the identity of the person who sold the cocaine due to the subject's face being covered. Officer Perry testified that while he was familiar with Melvin Smith, he had not seen him for a long period of time. As a result, Officer Perry states that he relied on Officer Deibler's identification of Smith as the suspect immediately following the drug transaction. Based on that information, Officer Perry obtained an arrest warrant in August of 2012 for Plaintiff in connection with the drug sale in May 2012.

Upon learning of the warrant for his arrest, Plaintiff turned himself in to the Union County Jail. On August 26, 2012, Defendant Officer Kyle Dame was dispatched to the jail to the serve the warrant. Dame advised Plaintiff of the nature of the charges. Plaintiff bonded out of jail within three or four hours. On October 4, 2013, the Union County District court held a preliminary hearing. Officer Perry was not initially present when Plaintiff's case was called. As a result, Officer Bolds was asked to read the file in Officer Perry's absence. When Officer Perry entered the courtroom, he saw Plaintiff sitting in the audience and decided that Plaintiff did not match the description of the subject in the confidential informant's video based on the difference in weight between Plaintiff and the subject. Officer Perry immediately advised the Court that Plaintiff did not match the description of the subject in the video. As a result, the charges were dismissed against Plaintiff.

Plaintiff now brings this action against Defendants, City of Morganfield, Kentucky, the Morganfield Police Department, and Morganfield Police Officers Benjamin Perry, Kyle Dame, and Craig Bolds in their individual and official capacities under 42 U.S.C. § 1983, alleging that

---

[1] The record does not indicate when Officer Perry viewed the video of the drug buy.

3

he was unlawfully detained, arrested, and incarcerated without probable cause in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Sections 1, 11, and 14 of the Kentucky Constitution. Plaintiff also brings state law claims for malicious prosecution, false arrest, false imprisonment, abuse of criminal process, slander per se, libel per se, negligence, false light, outrage, negligent hiring, supervision, and retention, and conspiracy. Defendants now move for summary judgment.

### III. DISCUSSION

**A. Due Process Claims under Fifth and Fourteenth Amendments to the Constitution**

Plaintiff brings claims against the Individual Defendants for unlawful arrest, detention, and confinement in violation of his Fifth and Fourteenth Amendment rights. Specifically, Plaintiff alleges that his "unlawful detention, arrest, and incarceration" by the Individual Defendants deprived Plaintiff of his due process under the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. (Complaint ¶¶ 35, 36.) However, claims of false arrest and false imprisonment do not give rise to Fifth or Fourteenth Amendment protection. See Radvansky v. City of Olmsted Falls, 395 F.3d 291, 313 (6th Cir. 2005) (finding the plaintiff's reliance on due process to challenge his arrest misplaced). "The Fourth Amendment, rather than the Fifth or Fourteenth, is the proper vehicle to 'define the process that is due for seizures of persons or property in criminal cases, including the detention of suspects pending trial.'" Vidal v. Lexington Fayette Urban County Gov't, 2014 WL 4418113, *4 (E.D. Ky. Sept. 8, 2014)(quoting Radvansky, 395 F.3d at 313 (quoting Gerstein v. Pugh, 420 U.S. 103, 125 n. 27 (1975))); see also Jackson v. County of Washtenaw, 310 Fed. Appx. 6, 7 (6th Cir. 2009)) (dismissing Fifth and Fourteenth Amendment claims for pretrial deprivation of liberty). Similarly, the right to be free from malicious prosecution must be asserted according to the

4

Fourth Amendment. Darrah v. City of Oak Park, 255 F.3d 301, 308 (6th Cir. 2001); Johnson v. Ward, 43 Fed. Appx. 779, 782 (6th Cir. 2002)("the substantive component of the Fourteenth Amendment's Due Process Clause . . . may not serve as the basis for a § 1983 malicious prosecution claim."). Accordingly, summary judgment is granted in favor of Defendants on Plaintiff's due process claims under the Fifth and Fourteenth Amendment.

### B. Equal Protection Claim under the Fourteenth Amendment to the Constitution

Plaintiff alleges that the Defendants violated his Fourteenth Amendment right to equal protection of the laws. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir. 2005). See also Strong v. City of Athens, 2015 WL 418224, *7 (E.D. Tenn. Feb. 2, 2015). This protection extends to racial profiling. See Cunningham v. Sisk, 136 Fed. Appx. 771, 774 (6th Cir. 2005).

"A claim of racial profiling is appropriately analyzed under a three-part test which has been formulated in the context of a claim of selective prosecution." Hummons v. Hamilton County Sheriff's, Office, 2011 WL 1463583, *6 (S.D. Ohio Mar. 22, 2011). To succeed on a selective prosecution claim, a plaintiff must show that: "(1) the officer singled out a person belonging to an identifiable group even though the officer has decided not to take action against individuals not belonging to that group in similar situations; (2) the officer took action against the individual with a discriminatory purpose; (3) the action must have had a discriminatory effect on the group to which the individual belongs." Id. (citing Cunningham, 136 Fed. Appx. at

5

775(citing U.S. v. Anderson, 923 F.2d 450, 453 (6th Cir. 1991)).

Plaintiff alleges that Defendants "have historically engaged in a practice of racial profiling and using excessive arrests against minority citizens of Union County at a higher rate than non-minority citizens." (Complaint ¶ 39.) However, this opinion does not satisfy the prerequisites for a selective prosecution violation. Plaintiff has failed to present any evidence that the officers acted with a discriminatory purpose or that they treated similarly situated persons outside of Plaintiff's protected class more favorably. In fact, at his deposition, Plaintiff acknowledged that he had no evidence in support of this claim. (Smith Deposition at 43, 48-49, 53, 79.) Accordingly, summary judgment is granted in favor of Defendants on Plaintiff's Equal Protection Claim under the Fourteenth Amendment.

**C. Municipal Liability**

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 n. 55 (1978)). Plaintiff's official-capacity claims against the Individual Defendants, therefore, are actually against the City of Morganfield. See Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008). The City of Morganfield seeks summary judgment on Plaintiff's municipal liability claim.

Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id.; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the

municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479–80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003).

*1. Failure to Train*

In his complaint, Plaintiff alleges that the "conduct and actions of the Morganfield Police Department and its officers against Plaintiff shows that its police officers were not properly qualified and trained for their duties in law enforcement." (Complaint ¶ 127.) Plaintiff further asserts that the City of Morganfield is "responsible and liable for its negligent hiring, supervision and retention of the police officers who deprived Plaintiff of his legal rights." (Id. ¶ 129.)

"The courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability." Gregory v. City of Louisville, 444 F.3d 725, 753 (6th Cir. 2006). The United States Supreme Court held that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). In order to establish a failure-to-train claim in the Sixth Circuit, a plaintiff must demonstrate that: "1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." Ciminillo v. Streicher, 434 F.3d 461, 469 (6th Cir. 2006) (citing Russo v. City of Cincinnati, 953 F.2d 1036, 1046 (6th Cir.

1992)).

Plaintiff submits no evidence regarding the inadequacy of the Morganfield Police Department's training program. Moreover, Plaintiff does not cite to any deficiencies in the training received by the three individual officers or how their lack of training led to his injury. Instead, the record reflects that all Morganfield Police Department officers receive the basic training mandated by the Kentucky Law Enforcement Foundation Program pursuant to KRS § 15.410 and provided by the Kentucky Police Academy. While Plaintiff points to specific instances of improper behavior or mistakes made by Perry in both his professional and personal life, these mistakes are not related in any manner to the alleged false arrest or malicious prosecution of Smith. Moreover, Plaintiff has failed to present evidence that the city "has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Plinton v. County of Summit, 540 F.3d 459, 464 (6th Cir. 2008). See also Connick v. Thompson, 563 U.S. 51 (2011)("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). In fact, under the information submitted by Plaintiff, the most egregious conduct by Perry occurred after the incident in question. Furthermore, with respect to Perry's performance issues in 2005 (eight years prior to this incident), the City disciplined Perry by placing a copy of a performance memorandum in his file. Accordingly, summary judgment is granted on Plaintiff's failure to train claim.

*2. Shoddy Investigative Techniques*

In response to the motion for summary judgment, Plaintiff alleges that there was an unwritten policy within the Morganfield Police Department permitting the use of shoddy

investigative techniques by police to identify people they wanted to arrest on drug buys and the use of improper controls and safeguards established for their confidential informants. Plaintiffs cite to no evidence in support of these bare allegations with the exception of Plaintiff's own arrest and prosecution. A single instance of misconduct by a police officer, standing alone, is insufficient to show a municipal custom, policy, or practice unless the officer possesses final authority to establish municipal policy with respect to the action in question. See Pembaur, 475 U.S. at 480, 482. In the present case, it is undisputed that Officer Perry was not a final policymaker for the city. Accordingly, summary judgment in favor of Morganfield is granted.

### D. State Law Claims

Having dismissed the Plaintiff's federal claims, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Id. at 726.). Therefore, Plaintiff's pendent state law claims are dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the motion by Defendants, City of Morganfield, Morganfield Police Department, Benjamin Perry, Craig Bolds, and Kyle Dame, for summary judgment [DN 54] is **GRANTED.** Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice. A Judgment will be entered consistent with this Opinion.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

November 2, 2015

9